**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4419**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

SHAWN LAMONT HICKMAN,

    Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Kenneth D. Bell, District Judge.  (5:22-cr-00028-KDB-SCR-2)

---

Submitted:  March 28, 2024        Decided:  April 1, 2024

---

Before KING and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

**ON BRIEF:**  D. Baker McIntyre, III, Charlotte, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Lamont Hickman pled guilty, pursuant to a written plea agreement, to possession with intent to distribute at least five grams of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). The district court sentenced Hickman to 156 months' imprisonment, which was below the advisory Sentencing Guidelines range of 188-235 months, and 4 years of supervised release. His attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but asking this court to review the reasonableness of the selected sentence and whether Hickman received constitutionally deficient representation. Although informed of his right to file a pro se supplemental brief, Hickman has not done so. The Government declined to file a brief. We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). "First, we 'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, . . . failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "If the sentence 'is procedurally sound, [this] court should then consider the substantive reasonableness of the sentence,' taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 51). We afford a

2

presumption of reasonableness to any sentence within or below a properly calculated Guidelines range. *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022). A defendant can rebut this presumption only "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Our review of the record confirms the procedural reasonableness of Hickman's sentence. The district court took testimony to resolve Hickman's primary objection, which was to the drug quantity attributed to him for sentencing purposes. After thorough consideration, the court overruled this objection, as well as Hickman's other objections, and adopted the Guidelines calculations set forth in the revised presentence report. We discern no error in the calculation of Hickman's advisory Guidelines range. The district court also afforded the parties an opportunity to argue for an appropriate sentence and heard Hickman's allocution. The district court then identified the § 3553(a) factors it deemed most relevant, which the court balanced with the positive considerations in this case, and provided a reasoned explanation for the chosen sentence. And because there is nothing in the record that undermines the presumption of substantive reasonableness afforded the selected below-Guidelines sentence, we also conclude that Hickman's sentence is substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.[*]  We therefore affirm the district court's judgment.  This court requires that counsel inform Hickman, in writing, of the right to petition the Supreme Court of the United States for further review.  If Hickman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Hickman.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Because the record does not conclusively establish that counsel provided ineffective assistance, we decline to address Hickman's somewhat perfunctory ineffective assistance claim on direct appeal.  *See United States v. Faulls*, 821 F.3d 502, 507-08 (4th Cir. 2016) (noting that we do not consider ineffective assistance of counsel claims on direct appeal "[u]nless an attorney's ineffectiveness conclusively appears on the face of the record").  This "claim should be raised, if at all, in a [28 U.S.C.] § 2255 motion." *United States v. Jordan*, 952 F.3d 160, 163 n.1 (4th Cir. 2020).